FILED
March 12, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002479646

EDDIE R. JIMENEZ (CA SBN 231239)
ANNE W. HAMANN (CA SBN 254327)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for FEDERAL HOME LOAN MORTGAGE CORPORATION

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JUAN M. SEARCY, SR. AND BEATRIZ SANCHEZ SEARCY,<br><br>Debtor(s). | Case No. 10-22146<br><br>Chapter 7<br><br>R.S. No. PD-1<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY**<br>(Unlawful Detainer) |
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Movant,<br>vs.<br><br>JUAN M. SEARCY, SR. AND BEATRIZ SANCHEZ SEARCY,<br><br>Respondent(s). | Property: 333 Franciscan Avenue, Stockton, California 95210<br><br>DATE: April 13, 2010<br>TIME: 9:30 a.m.<br>CTRM: 35<br><br>501 "I" Street,<br>Sacramento, CA 95814 |

**TO THE RESPONDENTS NAMED ABOVE**:

FEDERAL HOME LOAN MORTGAGE CORPORATION ("Movant"), moves this court for an order terminating the automatic stay of 11 United States Code § 362 as to Movant so that Movant may commence and continue all acts necessary to enforce its rights to possession of the real property generally described as 333 Franciscan Avenue, Stockton, California 95210 ("Real Property").

## RELIEF FROM STAY - CAUSE

## DEBTOR HAS NO INTEREST IN THE SUBJECT PROPERTY DUE TO A PRE-PETITION FORECLOSURE SALE

1. This Court has jurisdiction over the subject matter of this Motion pursuant to the provisions of 28 United States Code sections 157, 1334, and 11 United States Code section 362.

2. On or about, January 29, 2010, Juan M. Searcy, Sr. and Beatriz Sanchez Searcy ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Gary Farrar was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtors and the bankruptcy estate are stayed as provided in 11 United States Code § 362.

3. Movant acquired title to the property at a foreclosure sale held on July 30, 2009. A true and correct copy of the Trustee's Deed Upon Sale is attached to the Declaration in Support of Motion for Relief from Automatic Stay ("Declaration") as **Exhibit A** and incorporated herein by reference.

4. Movant caused a Notice Requiring Delivery of Possession of Premises to be served upon the Debtors on October 6, 2009. A true and correct copy of the Notice Requiring Delivery of Possession of Premises is attached to the Declaration as **Exhibit B** and incorporated herein by reference.

5. Subsequently, Movant filed a Complaint for Forcible Detainer against the Debtors on October 16, 2009. A true and correct copy of the Summons and Complaint for Forcible Detainer are attached to the Declaration as **Exhibit C** and incorporated herein by reference.

6. Pursuant to 11 United States Code section 362(d)(1), cause for annulment and relief from the automatic stay exists because, as of the petition date, Debtors had no right to continued occupancy of the premises as Movant acquired title to the premises by foreclosure sale pre-petition and recorded the Trustee's Deed Upon Sale within the period provided by state law for perfection. Movant commenced a forcible detainer proceeding pre-petition, but the Debtors filed the instant bankruptcy case prior to the preliminary hearing scheduled in the forcible detainer action.

/././

**WHEREFORE**, Movant respectfully prays for an order of this Court as follows:

1. Terminating the automatic stay of 11 United States Code § 362 to allow Movant to enforce its remedies to obtain possession of the Subject Property in accordance with applicable law;

2. That the order be binding and effective in any other case under the Bankruptcy Code purporting to affect the subject real property filed not later than two years after the date of entry, upon recording a copy of the order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law, except that a debtor in subsequent case may move for relief from the order based upon good cause shown after notice and hearing; OPT (IN REM)

4. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

5. That the order be binding in any and all chapters following any subsequent conversion of this case under a different chapter of Title 11 of the United States Code, unless a specific exception has been provided herein; and

6. For such other and further relief as the court deems just and proper.

Dated: March 11, 2010                    PITE DUNCAN, LLP

/s/ Anne W. Hamann CA SBN 254327
ANNE W. HAMANN
Attorneys for FEDERAL HOME LOAN MORTGAGE CORPORATION